UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
MESA UNDERWRITERS SPECIALTY INSURANCE     :
COMPANY,                                  :     Case No.:
                                          :
                    Plaintiff,            :     **COMPLAINT**
                                          :
        - against -                       :
                                          :
STARR INDEMNITY AND LIABILITY COMPANY,    :
                                          :
                    Defendant.            :
                                          :
------------------------------------------------------------------x

Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC"), by its attorneys, Gunnercooke US LLP, as and for its complaint against defendant Starr Indemnity and Liability Company ("Starr"), respectfully alleges, upon information and belief:

**NATURE OF THE ACTION**

1. In this action, MUSIC seeks a judgment declaring that Starr has a duty to defend and indemnify Union Turnpike Development Corp., ("Union Turnpike") in a lawsuit captioned *Jerry Walker v. Union Turnpike Development Corp., et al.*, pending in the Supreme Court of the State of New York, County of Kings, Index No. 501885/2020 ("the Underlying Action"), as an additional insured under a commercial general liability insurance policy Starr issued to Benevolence Corp d/b/a Laundry Palace ("Laundry Palace"), on a primary, noncontributory basis and money damages in the amount that MUSIC, as Starr's implied indemnitee, has incurred and will incur defending and, if necessary, indemnifying Union Turnpike in the Underlying Action under a commercial general liability insurance policy that MUSIC issued covering Union Turnpike.

**THE PARTIES**

2. MUSIC is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business in the State of New Jersey.

3. Starr is a corporation organized and existing under the laws of the State of Texas with a principal place of business in the State of New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 due to diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Starr's principal place of business is in this judicial district.

6. An actual justiciable controversy exists between the parties as respects the coverage afforded to Union Turnpike in the Underlying Action under the Starr policy.

7. MUSIC has no adequate remedy at law.

## RELEVANT FACTS

8. At all times relevant herein, Union Turnpike owned the premises located at 1721-1725 Nostrand Avenue, Brooklyn, New York ("the Premises").

9. At all times relevant herein, Union Turnpike leased certain ground-floor space in the Premises ("the Leased Premises") to Laundry Palace under a written lease agreement that includes the following provision:

> **14. Insurance**
>
> Tenant covenants and agrees that, prior to taking possession of the demised premises, Tenant shall immediately secure, and thereafter maintain in full force during the term hereof, at its sole cost and expense, comprehensive general personal injury and property damage liability insurance against claims for bodily injury, death and property damage, such insurance to afford minimum protection

2

during the term of this lease, of not less than $1,000,000.00 aggregate in respect of bodily injury or death to any one person, of not less than $1,000,000.00 in respect of any one occurrence or accident, and of not less than $250,000.00 for property damage. Such insurance policy or policies shall name Landlord (and such other persons, firms or corporations as are designated by Landlord) and Tenant as insureds. Such policy shall insure against all costs, expenses and/or liability arising out of, or based upon, any and all claims, accidents, injuries and damages whatsoever caused to any person or property, wherein such accident, damage or injury resulted from any act or omission on the part of the Tenant or Tenant's contractors, licensees, agents, invitees, visitors, servants or employees, on or about the demised premises, including the sidewalks and areas adjacent thereto.

10. Jerry Walker ("Walker") sued Union Turnpike and Laundry Palace by filing the Underlying Action, seeking damages for injuries he allegedly sustained on April 11, 2019, when he tripped and fell in or next to a parking lot exclusively serving the Leased Premises, due to Union Turnpike and Laundry Palace's negligent failure to properly maintain or repair the area.

**THE INSURANCE POLICIES**

11. Starr issued to Laundry Palace, as lessee of the Leased Premises, an insurance policy numbered 1000371831181, effective May 8, 2018, to May 8, 2019, providing commercial general liability coverage subject to the policy's terms and conditions ("the Starr Policy").

12. The Starr Policy includes the following provision:

**1. Blanket Additional Insureds- Including Broad Form Vendors- As Required By Contract**

**a. WHO IS AN INSURED** is amended to include as an additional insured any person or organization whom you [Laundry Palace] have agreed in a written contract, written agreement or written permit that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to:

**(1)** "Bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part by your ongoing operations performed for that

3

that person or organization "your product" or premises owned or used by you.

This coverage shall be excess with respect to the person or organization included as an additional insured by its provisions; any other insurance that person or organization has shall be primary with respect to this insurance, unless this coverage is required to be primary and/or not contributory in the contract, agreement or permit referred to above.

13. MUSIC issued an insurance policy to Ocean Management Corp. bearing policy number MP0042034000040, effective January 15, 2019, to January 15, 2020, which includes Union Turnpike as a named insured and the Premises as a covered location, providing commercial general liability coverage subject to the policy's terms and conditions ("the MUSIC Policy").

14. The MUSIC Policy includes a provision stating that the coverage provided is excess over any other primary insurance covering liability for damages arising out of the premises for which any named insured has been added as an additional insured.

## COVERAGE DISPUTE

15. MUSIC, through its agents, has demanded that Starr defend and indemnify Union Turnpike in the Underlying Action as an additional insured under the Starr Policy.

16. Starr has refused to defend or indemnify Union Turnpike in the Underlying Action.

17. MUSIC has defended Union Turnpike to date in the Underlying Action due to Starr's failure to do so.

## AS AND FOR A FIRST CAUSE OF ACTION

18. MUSIC repeats all previous allegations made herein.

19. Union Turnpike and/or MUSIC have complied with all conditions precedent to coverage for Union Turnpike under the Starr Policy.

20. The Underlying Action complaint's allegations raise the possibility that Union Turnpike's liability, if any, will be for bodily injury caused, in whole or in part, by premises used by Laundry Palace.

21. MUSIC is thus entitled to a judgment declaring that Starr has a duty to defend Union Turnpike in the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION

22. MUSIC repeats all previous allegations made herein.

23. Any liability Union Turnpike may incur in the Underlying Action will necessarily be for bodily injury caused, in whole or in part, by premises used by Laundry Palace.

24. MUSIC is thus entitled to a judgment declaring that Starr has a duty to indemnify Union Turnpike.

## AS AND FOR A THIRD CAUSE OF ACTION

25. MUSIC repeats all previous allegations made herein.

26. The coverage provided to Union Turnpike under the MUSIC Policy is excess to the coverage provided it under the Starr Policy as respects the Underlying Action based on the policies' respective "other insurance" clauses.

27. MUSIC is therefore entitled to a declaratory judgment to that effect and to recover from Starr, as Starr's implied indemnitee through their relative mutual obligations to Union Turnpike, all amounts it has incurred and will incur defending and, if necessary, indemnifying Union Turnpike in the Underlying Action.

**WHEREFORE**, MUSIC demands that the Court issue a judgment against Starr:

1. declaring that Starr has a duty to defend Union Turnpike in the Underlying Action;

2. declaring that Starr has a duty to indemnify Union Turnpike in the Underlying Action;

3. declaring that Union Turnpike's coverage under the MUSIC Policy is excess to its coverage under the Starr Policy as respects the Underlying Action;

4. awarding MUSIC all amounts it has incurred and will incur defending and, if necessary, indemnifying Union Turnpike in the Underlying Action, plus statutory interest;

5. awarding MUSIC its legal fees and expenses in prosecuting this action; and

6. granting such other relief as the Court deems proper.

Dated: New York, New York
May 1, 2025

                                             GUNNERCOOKE US LLP

                                             _____
                                             Max W. Gershweir, Esq.
                                             Attorneys for Plaintiff
                                             475 Park Avenue South – 23rd Floor
                                             New York, New York 10016
                                             646.440.8375